# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, ) <br> ) <br> **Plaintiff,** ) <br> ) <br> v. ) <br> ) <br> **HARRY CRAIG DEES**, ) <br> ) <br> **Defendant.** ) | No. 3:17−cv−00532−HSM−HBG |

## FINAL JUDGMENT AS TO DEFENDANT HARRY CRAIG DEES

Plaintiff, the Securities and Exchange Commission ("Commission"), having commenced this action on December 12, 2017 by filing its complaint ("Complaint") against defendant Harry Craig Dees ("Dees" or "Defendant"); a copy of the Complaint having been served via alternative service in accordance with this Court's order; Dees having failed to answer, plead, or otherwise defend himself in this action; the Clerk having entered default against Dees in this action; the Commission having filed for a default judgment against Dees pursuant to Federal Rule of Civil Procedure 55(b); and the Court having considered the Complaint, the Commission's Motion for Final Judgment by Default and for Monetary Relief ("Motion"), and evidence, documents, and argument offered in support of the Motion, the Court finds:

1. That this Court has jurisdiction over the subject matter of this case and jurisdiction over all parties hereto;

2. That Dees failed to answer or otherwise respond to the Complaint;

3. That default was properly entered against Dees pursuant to Federal Rule of Civil Procedure 55(a) on or about October 30, 2018;

4. That entry of a final judgment against Dees is appropriate under Federal Rule of Civil

Procedure 55(b)(2); and

5. That, therefore, the Commission's Motion should be, and is hereby GRANTED, and the following Order issued:

## I.

### Judgment by Default

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that, pursuant to Federal Rules of Civil Procedure 54 and 55(b), judgment by default is hereby entered against Dees, the sole defendant in the above-captioned case.

## II.

### Permanent Injunction Against

### Violations of Sections 17(a)(1) and 17(a)(3) of the Securities Act

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Sections 17(a)(1) and 17(a)(3) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. §§ 77q(a)(1) and 77(q)(a)(3)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud; or

(b) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and/or attorneys; and (b) other persons in active concert or

2

participation with Defendant or with anyone described in (a).

III.

**Permanent Injunction Against**

**Violations of Section 10(b) of the Exchange Act and Rule 10b-5 Thereunder**

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and/or attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

3

## IV.

## Permanent Injunction Against

## Violations of Section 13(b)(5) of the Exchange Act and Rule 13b2-1 Thereunder

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Exchange Act Section 13(b)(5) [15 U.S.C. § 78m(b)(5)] and Rule 13b2-1 thereunder [17 C.F.R. § 240.13b2-1] by knowingly circumventing or knowingly failing to implement a system of internal accounting controls to make and keep books, records, and accounts of any public company, which, in reasonable detail, accurately and fairly reflect the transactions and dispositions of the assets of the company, or by knowingly falsifying or causing to be falsified the books, records, or accounts of any public company.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and/or attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## V.

## Permanent Injunction Against Violations of Rule 13b2-2 of the Exchange Act

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Rule 13b2-2 of the Exchange Act [17 C.F.R. § 240.13b2-2] by making, or causing to be made, materially false or misleading statements to an accountant in connection with an audit, review, or examination of any public company's financial statements or in the preparation or filing of any public company's documents or reports required to be filed with the Commission; or omitting to state, or causing

4

another person to omit to state, material facts necessary in order to make statements made, in the light of the circumstances under which they were made, not misleading, to an accountant in connection with an audit, review, or examination of financial statements or in the preparation or filing of any public company's documents or reports required to be filed with the Commission.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and/or attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## VI.

## Permanent Injunction Against

## Violations of Section 14(a) of the Exchange Act and Rules 14a-3 and 14a-9 Thereunder

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating or aiding and abetting the violation of Exchange Act Section 14(a) [15 U.S.C. § 78n(a)] and Rules 14a-3 and 14a-9 thereunder [17 C.F.R. §§ 240.14a-3 and 240.14a-9] by using, or knowingly providing substantial assistance to an issuer who uses, the means or instrumentalities of interstate commerce, the mail, or a facility of a national securities exchange, to solicit by means of any proxy statement, form of proxy, notice of meeting or other communication, written or oral, containing any statement, which, at the time and in light of the circumstances under which it is made, is false or misleading with respect to any material fact, or which omits to state any material fact necessary in order to make the statements therein not false or misleading or necessary to correct any statement in any earlier communication with respect to the solicitation of a proxy for the same meeting or subject matter

5

which has become false or misleading.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and/or attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## VII.

**Permanent Injunction Against Violations of Rule 13a-14 of the Exchange Act**

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Exchange Act Rule 13a-14 [17 C.F.R. § 240.13a-14] by signing certifications required to be made pursuant to that rule, which contain false or misleading information.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and/or attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## VIII.

**Permanent Injunction Against**

**Violations of Section 13(a) and Rules 12b-20 and 13a-1 of the Exchange Act**

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from aiding and abetting any violation of Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and Rules 12b-20 and 13a-1 of the Exchange Act [17

6

C.F.R. §§ 240.12b-20 and 240.13a-1] by knowingly providing substantial assistance to an issuer that files materially false and misleading reports with the Commission that contain untrue statements of material fact or that omit facts necessary to make the statements made not misleading.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and/or attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## IX.

**Permanent Injunction Against Violations of Section 13(b)(2)(A) of the Exchange Act**

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from aiding and abetting any violation of Section 13(b)(2)(A) of the Exchange Act [15 U.S.C. § 78m(b)(2)(A)] by knowingly providing substantial assistance to an issuer that fails to make and keep books, records and accounts, that, in reasonable detail, accurately and fairly reflect the issuer's transactions and dispositions of its assets as required by that rule.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and/or attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

7

## X.

### Officer and Director Bar

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)] and Section 20(e) of the Securities Act [15 U.S.C. § 77t(e)], Defendant is prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

## XI.

### Disgorgement and Prejudgment Interest

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement of $2,422,700.95, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $416,367.56, for a total of $2,839,068.51. Defendant shall satisfy this obligation by paying $2,839,068.51 to the Commission within 14 after entry of this Final Judgment.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to:

    Enterprise Services Center
    Accounts Receivable Branch
    6500 South MacArthur Boulevard

Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; identifying Harry Craig Dees as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action (Nicholas A. Pilgrim, Brittany Hamelers, and/or Christina McGill, Securities and Exchange Commission, 100 F Street, N.E., Washington, DC 20549). By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.

The Commission shall hold the funds (collectively, the "Fund") and may propose a plan to distribute the Fund subject to the Court's approval. The Court shall retain jurisdiction over the administration of any distribution of the Fund. If the Commission staff determines that the Fund will not be distributed, the Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment. Payments shall be deemed made on the date they are received by the Commission. Defendant shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

## XII.

## Civil Penalty

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant shall pay a

civil penalty in the amount of $2,422,700.95 to the Commission pursuant to Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)] and Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)]. Defendant shall make this payment within 14 days after entry of this Final Judgment.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to:

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; identifying Harry Craig Dees as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action (Nicholas A. Pilgrim, Brittany Hamelers, and/or Christina McGill, Securities and Exchange Commission, 100 F Street, N.E., Washington, DC 20549). By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant. The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury. Defendant shall pay post-judgment interest on any delinquent amounts

10

pursuant to 28 U.S.C. § 1961.

## XIII.

## Retention of Jurisdiction

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

## XIV.

## Entry of Judgment

There being no just reason for delay, pursuant to Rule 54 of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this final judgment forthwith and without further notice.

**SO** ORDERED this __28th__ day of __May__, 2019.

_____/s/ Harry S. Mattice, Jr._____
UNITED STATES DISTRICT JUDGE


ENTERED AS JUDGMENT
 /s/ John Medearis
John Medearis
CLERK OF COURT

11